Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Avenue 7th Floor
New York, New York 10177
Telephone: (212) 300-5358
Facsimile: (347) 28-9478

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

YESH MUSIC, LLC, and JOHN K. EMANUELE,          Index No.: 16-cv-2179

                 Plaintiffs,

                                    **COMPLAINT AND JURY DEMAND**
     v.                            **FOR DAMAGES FOR COPYRIGHT**
                                      **INFRINGEMENT**

LINE CORP. d/b/a MIXRADIO, a foreign
corporation,

                 Defendant.
-----------------------------------------------------------------x

     Plaintiff YESH MUSIC, LLC and John Emanuele, by and through their attorneys at

GARBARINI FITZGERALD P.C., brings this Complaint and Jury Demand against Defendant LINE

CORP. d/b/a MIXRADIO based on copyright infringement pursuant to the Copyright Act and

Copyright Revisions Act, 17 U.S.C. §§ 101 *et seq*. (the "Copyright Act" or "Act").

## PARTIES

     1.      At all times material hereto, Plaintiff Yesh Music, LLC ("YESH") is a limited

liability company organized under the laws of the State of New York, with its principal offices

located at 75-10 197th Street, Flushing, New York. YESH is engaged in, among other things, the

business of music publishing and otherwise commercially exploiting its copyrighted sound

recordings of the band *The American Dollar*.  The sole members of the Plaintiff are Richard Cupolo and

John Emanuele, who are also the sole composers of the Copyrighted Compositions. Defendant elected to exploit YESH's recordings, but YESH did not receive an NOI, royalty, or statement of account.

2.      At all times material hereto, Plaintiff John K. Emanuele ("EMANUELE") was, and is, an individual and resident of Queens. EMANUELE released two collections of songs under the name "Zero Bedroom Apartment", which Defendant elected to exploit. EMANUELE did not receive an NOI, royalty, or statement of account.

3.      Plaintiff is informed and believes, and on that basis avers, that Defendant Line Corp. d/b/a MixRadio ("LINE") is a Japanese subsidiary of the Korean internet search giant Naver. The company's business is mainly associated with the development of mobile applications and Internet services. The company may be served at Mixradio Limited, 1-19 Wine Street, Bristol BSI 2PH.

## JURISDICTION AND VENUE

4.      The jurisdiction of this Court is based upon 28 U.S.C. §§ 1331 and 1338 in that this controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. § 101 et seq.). This action is a civil action over which this court has original jurisdiction.

5.      Jurisdiction also exists pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy exceeds the sum or value of $5,000,000 (exclusive of interest and costs), is a class action in which a member of the proposed class, including Plaintiff, is a citizen of a state different from Defendant, and the number of members of the proposed class exceeds 100.

6.      On information and belief, a substantial part of the facts of infringement complained of herein occurs or has occurred in this District, and Defendant is subject to personal jurisdiction in this District.

7.      Personal jurisdiction over Defendant LINE is proper in this Court, among other

reasons, on the ground that LINE, through its interactive web-based service, caused the distribution of Plaintiff's Copyrighted Compositions throughout the State of New York, including within this Judicial District. Other wrongful conduct alleged herein, occurred, in part, in the State of New York and in this Judicial District.

8.      LINE operates a major messaging application available on all cellular phones, and is sold throughout this Judicial District.

9.      In late 2014, Defendant partnered with New York venture capital firm Collaborative Fund. Line Corporation claimed it was seeking a greater presence in the United States.

10.     The Court has personal jurisdiction over Defendant LINE pursuant to CPLR § 302 (New York's long-arm statute) due to its continuous and systematic business activities within New York as described below.  LINE allowed Plaintiffs recordings to be streamed, downloaded, off-lined, and purchased in this jurisdiction.

11.     The Court has personal jurisdiction over Defendant LINE pursuant to CPLR § 302 (New York's long-arm statute) due to its continuous and systematic business activities within New York as described below.

12.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b) and (c).

13.     Copies of each certificate issued by the U.S. Copyright Office and assignment is annexed and incorporated hereto as **Exhibits A** and **B.**  Alternatively, the registrations for the groupings are attached as **Exhibit C.**

14.     Each of Plaintiffs' Copyrighted Compositions was registered prior to the alleged infringement, and satisfies the registration prerequisite under 17 U.S.C. 412(c).

FACTS

15.     Plaintiffs own the mechanical rights to one hundred and eighteen (118) United States Copyright Registrations.  Each of Plaintiffs' Copyrighted Compositions was registered within three months of publication, or one month after publication on Defendant's use, and satisfies the registration prerequisite under 17 U.S.C. 412(c).

16.     Pursuant to the Copyright Act, Plaintiffs possess exclusive rights regarding the reproduction and/or distribution of the Copyrighted Compositions, including the associated licensing rights to such activities.

17.     Plaintiffs distribute, sell and/or license their Copyrighted Compositions in the form of CDs, and other tangible media throughout the United States, including in New York.  Plaintiffs reproduce, distribute, sell, and/or license the copyrighted Compositions in the form of digital audio files delivered and performed via the Internet.

18.     Plaintiffs have invested and continue to invest substantial money, energy, time, effort and creative talent to create and develop the Copyrighted Compositions.

19.     MixRadio was initially developed by Nokia in 2007, though over the years, it has been known under various names, such as Nokia Music and Nokia MixRadio.  The service was taken over as part of Nokia's $7 billion acquisition by Microsoft in 2014, but given that it already had its own music service in the form of Xbox Music, Microsoft offloaded MixRadio to Defendant later that year.

20.     As of October 2015, MixRadio was available as a free app for Android, iOS, Apple Watch, Amazon Appstore, BlackBerry, Windows Phone, Adidas miCoach Smart Run and Harman Kardon Omni Speaker range.

21.     Indeed, Defendant has optimized their website for use on iOS and Android-based devices thereby reaching vast markets of users.

22.      Defendant's MixRadio was intended to and does promote its services in a manner designed to attract subscribers of its services. It allows the interactive streaming, downloading, and purchase of Plaintiffs' Copyrighted Recordings.

23.      Defendant has not licensed the mechanical rights to the musical compositions of Plaintiffs' or otherwise received authorization from them to reproduce or distribute such Compositions to its users and subscribers.

24.      Defendant's unlawful reproduction and/or distribution of Plaintiffs' copyrighted Compositions have substantially harmed, and continues to harm, to Plaintiffs.

25.      A non-exhaustive and illustrative list of Plaintiffs' Copyrighted Compositions which Defendant has illegally reproduced and/or distributed for its users, includes, but is not limited to those identified in **Exhibit's A, B, C** and **D**. Plaintiffs have received Certificates of Copyright Registration from the Register of Copyrights for each of their Copyrighted Compositions.

26.      The Copyright Act provides statutory penalties to discourage Defendant's infringement, including statutory damages awards of between $750 and $30,000 for each infringed Composition, and up to $150,000 for a willful infringement.

THE NOIs

27.      Defendant failed to serve any NOIs on Plaintiffs.

28.      As a result, Defendant lost its right to serve compulsory licenses for Plaintiffs' Copyrighted Compositions.

29.      Defendant has continued to stream Plaintiffs Copyrighted Compositions. This is the definition of "intentional" under 17 U.S.C. § 504(c)(2). Defendant acted willfully, and wantonly, or at least with reckless disregard to Plaintiffs' rights. Defendant is liable for

infringement of YESH's exclusive rights to the Copyrighted Compositions as provided by clauses (1) and (3) of section 106 of the Copyright Act.

30.    Upon information and belief, Defendant made a business decision that it was more cost effective to infringe the copyrights of independent musicians than spend the time and money contacting every rights owner.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT**

31.    Plaintiffs incorporate the allegations contained in the preceding paragraphs as if set forth at length here.

32.    Defendant has, without a "mechanical" license under Section 115 from Plaintiffs, reproduced and publicly performed and/or publicly distributed Plaintiffs' Copyrighted Compositions through its interactive web-based subscription streaming service.

33.    It cannot be disputed that the Plaintiffs have valid, registered copyrights, and that Defendant has reproduced and offered the Copyrighted Compositions for streaming, including permanent and temporary digital download, without a license, thus infringing Plaintiffs' rights under Section 115 of the Copyright Act. Irreparable injury is presumed here as Plaintiffs have established a prima facie case of copyright infringement.

34.    The making or the distribution, or both, of all Copyrighted Compositions without the payment of royalties is actionable as acts of infringement under section 501 and fully subject to the remedies provided by sections 502 through 506 and 509.

35.    Each time the Plaintiffs were deprived of their statutory royalty entitlement, e.g., by non-payment of royalties, a distinct harm was done to Plaintiffs' property interest.

36.    Defendant's predatory conduct was clearly intentional within the meaning of 504(c)(2) for purposes of enhancing statutory damages. Defendant knew its actions constituted

an infringement each time it failed to serve an NOI or make a royalty payment.

37.     Defendant's knowledge may also be inferred from its conduct including the reckless disregard of the Plaintiffs' rights (rather than actual knowledge of infringement), which suffices to warrant award of the enhanced damages.

38.     Each time the Plaintiffs were deprived of their statutory royalty entitlement, e.g., by non-payment of royalties, a distinct harm was done to Plaintiffs' property interest. Defendant's continued streaming of Plaintiff's Copyrighted Compositions, after it was served with notice on July 22, 2015, is clearly an intentional infringement under the Act. Defendant's predatory conduct was clearly intentional within the meaning of 504(c)(2) for purposes of enhancing statutory damages. Defendant knew its actions constituted an infringement each time it failed to serve an NOI or make a royalty payment.

39.     Defendant's knowledge may also be inferred from its conduct including the reckless disregard of the Plaintiffs' right (rather than actual knowledge of infringement), which suffices to warrant award of the enhanced damages.

40.     Plaintiffs have been injured in an amount to be determined at trial. Plaintiffs may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000, for each infringement of each copyright registration identified in **Exhibit B**, as available under the Act.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully prays this Court enter an order against Defendant as follows:

1)     Awarding one statutory damage to Plaintiffs per registration according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

2)        Awarding reasonable attorneys' fees and costs (17 U.S.C. § 505);

3)        Awarding Plaintiffs pre- and post-judgment interest to the extent allowable; and,

4)        Awarding such other and further relief that the Court may deem just and proper.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.


Dated: May 5, 2016                                          GARBARINI  FITZGERALD P.C.


                                                    By:_____
                                                          Richard M. Garbarini